UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY JACKO ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 06-1189 (RWR) |
| ) | |
| LARRY BARNES, POSTMASTER ) | |
| ) | |
| Defendant. ) | |

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Defendant, Larry Barnes, Postmaster of the United States Postal Service ("Defendant" or "USPS") et al., through counsel, submits this reply in support of Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment on Plaintiff's employment discrimination complaint. In his Response, Plaintiff fails to address the issues raised in Defendant's dispositive motion. Instead, Plaintiff realleges that his record of unacceptable conduct should have been "squashed." See Response at 2. In addition, Plaintiff attached to the Response, his prior affidavit in connection to a complaint filed with the Equal Employment Opportunity Commission, where as in this case, he alleged that Defendant wrongfully failed to reinstate him. See Response at 2.

**ARGUMENT**

**I.    No breach of settlement agreement**

In his Response, Plaintiff re-alleges without support that his record of unacceptable conduct should have been "squashed." Response at 2. Plaintiff alleges in the Complaint that he was entitled to a revision in his "SF 50" (which in effect would "squash" reports of unacceptable

conduct) and that Defendant breached the parties' 1990 settlement agreement by not modifying his SF 50.  Compl. at 3.

However, the November 9, 1990 Order memorializing the terms of the settlement which resolved a complaint filed by Plaintiff with the Merit System Protection Board does not call for any modification to Plaintiff's SF 50.  If a settlement agreement is a complete integration of the parties' understanding and there is no ambiguity in the meaning of its terms, the court must find that the parties are bound by the express terms of the agreement and may not introduce extrinsic evidence to contradict or modify its express terms.  See Johnson v. Reno, supra, 1996 U.S. Dist. LEXIS 5347 at 21 (citing United States v. Sears, Roebuck and Co., 623 F. Supp. 7, 9  (D.D.C 1984), aff'd, 778 F.2d 810 (D.C. Cir 1985)).  Plaintiff alleges no ambiguity in the meaning of the settlement agreement and the Settlement Order states that it is "a complete statement of all the terms of their settlement agreement."  Settlement Order attached to the Complaint.  Because the settlement agreement is fully integrated and represents the entire agreement between the parties, Plaintiff is not entitled  to a revision in his SF 50.  Thus, Defendant did not breach the settlement agreement.  Compl. at 5.

II.    Plaintiff Does Not State a Claim for Disability Discrimination

Plaintiff alleges that Defendant discriminated against him based on his disability when they refused to reinstate him.  The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et seq., prohibits discrimination against any employee or job applicant who is an individual with a disability.  In pertinent part, the Rehabilitation Act defines an "individual with a disability" as a person who has "a physical or mental impairment which substantially limits one or more of such person's major life activities."  29 U.S.C. § 705(20)(B).  In sum, the terms of the disability

definition must be "interpreted strictly to create *a demanding standard for qualifying as disabled*." Toyota, supra, 122 S.Ct. 690, 691 (emphasis added). Here, Plaintiff merely states in the Complaint that he has Post Traumatic Stress Disorder ("PTSD"), he does not allege a substantial limitation on any major life activity. Therefore, Plaintiff has not alleged the standard for a qualified disabled person.

### III.   Defendant had legitimate, nondiscriminatory reasons for not reinstating Plaintiff

Even assuming, *arguendo*, that Plaintiff could make out a *prima facie* case of disparate-treatment discrimination, Defendant had legitimate, nondiscriminatory reasons for not reinstating him at the Big Valley, California postal facility. The burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803-805 (1973), governs the analysis of Plaintiff's disability discrimination claim. Cones v. Shalala, 199 F.3d 512, 516 (D.C. Cir. 2000); see also Duncan v. Washington Metropolitan Area Transit Authority, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (employing McDonnell-Douglas test for ADA claim). Under this test, the plaintiff has the initial burden of proving by a preponderance of the evidence a "*prima facie*" case of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If the plaintiff is able to establish a *prima facie* case, the burden shifts to the defendant to produce credible evidence that its actions were taken for a legitimate, nondiscriminatory reason. Id. If the defendant meets this burden of production, the burden shifts back to the plaintiff to present evidence that the stated reason was pretextual. Id.

Here, Defendant legitimately denied reinstatement for Plaintiff based on: 1) his unemployment for the past two years; and 2) his employment history at the Pleasanton Post Office, from April 1985 to August 1987, as contained in his Official Personnel File. See EEOC

Decision at 1-2, attached to the Complaint.  Furthermore, Plaintiff cannot show that any non-disabled employee with a similar history of unemployment and negative work conduct was treated more favorably than he.  Thus, Plaintiff cannot show that Defendant's reasons for terminating him were pretextual.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's complaint be dismissed with prejudice or in the alternative, summary judgment be granted in Defendant's favor.

October 30, 2006                         Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney.


                              _____/s/_____
                              ANDREA McBARNETTE, D.C. Bar  # 483789
                              Assistant United States Attorney
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss or, in the Alternative, for Summary Judgment has been served on October 30, 2006 on Pro Se Plaintiff, Ricky Jacko, via postage prepaid mail addressed as follows:

Ricky Jacko
160 Sinclair Street
Apt. #257
Reno, NV 89501

/S/
ANDREA McBARNETTE, D.C. Bar #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153